# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:12-CR-79 MAC/CAN |
| | § | |
| STEVEN WAYNE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 15, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Stevan Buys.

On April 10, 2013, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of forty-one (41) months imprisonment followed by a three (3) year term of supervised release for the offense of Felon in Possession of a Firearm. Defendant began his term of supervision on January 7, 2016.

On March 15, 2017, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 47). The Petition asserts that Defendant violated the following conditions of supervision: (1 and 2) Defendant shall not commit another federal, state, or local crime; (3) Defendant shall not leave the judicial district without permission of the Court or probation officer; and (4) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

The Petition alleges that Defendant committed the following violations: (1) On or about

1

February 10, 2017, Defendant was arrested by the Lamar County Sheriff's Office for the offense of Assault Causes Bodily Injury - Family Violence, in violation of Texas Penal Code, Section 22.01(a)(1). According to the arrest report, deputies received a call about a domestic disturbance occuring near a traffic intersection in Sumner, Texas. Deputies initiated a traffic stop on a 2011 Cadillac and made contact with the driver, Amy Foster, and passenger, Steven Davis. The driver was visibly upset and stated her boyfriend, Defendant, assaulted her prior to the traffic stop and the previous day. Ms. Foster stated Defendant could be under the influence of illegal narcotics. She claimed he threw her to the floor and kicked her the day before inside their home; however, she wanted to drive around that day to try and work on their relationship. Ms. Foster stated they were parked outside of a friend's house on County Road 32500, when he became verbally abusive and started punching her in the head with a closed fist. The complainant said she was attempting to exit the car and fell out of the vehicle into the roadway. At that time, a female bystander attempted to intervene but Defendant shoved her away and police were immediately called. The report further indicated the victim had injuries consistent with an assault, namely a knot on the right side of her head, under her hair, and bruising on both arms. Defendant was placed under arrest. Defendant posted a bond through Dollins Bail Bonds in Paris, Texas, and was released from the county jail the following day. According to the Lamar County Attorney and Clerk's Office, the case was formally filed on March 6, 2017, in Cause Number 65046, and remains pending at this time; (2) On or about February 28, 2017, Defendant was arrested by the Lamar County Sheriff's Office for the offense of Assault Causes Bodily Injury - Family Violence, in violation of Texas Penal Code, Section 22.01(a)(1). According to the offense report, the complainant, Amy Foster-Davis, filed a police report on February 27, 2017, alleging Defendant assaulted her by punching and kicking her while inside their

home that day. The victim told police Defendant had a gambling problem, took numerous Xanax pills the night before, and was enraged when he returned home from the casino. The complainant stated Defendant grabbed her by the throat and threw her to the bedroom floor before punching her in the stomach several times, slapping her in the face, and kicking her in the back. She also claimed Defendant threatened to kill her son, her family, and a male friend as well. The victim declined medical care at that time but a deputy observed light bruising on her forearms, slight swelling in the face area, and a small cut on the side of her neck. A warrant was subsequently issued and Defendant was arrested the following day. Defendant posted a bond through Barham Bail Bonds in Paris, Texas, and was released from the county jail on March 4, 2017. According to the Lamar County Attorney and Clerk's Office, the case was formally accepted and filed on March 6, 2017, in Cause Number 65047 and remains pending at this time; (3) As indicated in the offense report for pending Lamar County Cause Number 65047, the complainant alleged Defendant had been frequenting a casino in Oklahoma prior to February 27, 2017. The U.S. Probation Officer previously gave Defendant permission to travel into Oklahoma for employment and medical purposes only. When questioned about the unapproved recreational travel outside the Eastern District of Texas, Defendant admitted going to the casino on multiple occasions without prior approval. Defendant signed an admission form regarding this violation; and (4) On or about January 15, 2017, Defendant was stopped for a traffic infraction but failed to notify the U.S. Probation Officer within seventy-two hours of the contact with law enforcement.

At the hearing, Defendant entered a plea of true to Allegation One. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of the Court. The Court finds that Defendant has violated the terms of his supervised release.

**RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the June 15, 2017, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with no supervised release to follow, to run consecutively to any other sentence being served. The Court further recommends that Defendant's term of imprisonment be carried out in FCI Texarkana, if appropriate.

**SIGNED this 21st day of June, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE